# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOHN CURTIS DAVIS, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>STATE OF OKLAHOMA; CLEVELAND )<br>COUNTY DISTRICT COURT; CLEVELAND )<br>COUNTY DISTRICT ATTORNEY'S )<br>OFFICE; JUDGE ADAMS, Special Judge; )<br>GREG MASHBURN, District Attorney; )<br>DAVID BATTON, Assistant D.A.; )<br>JOHN DOE, Assistant D.A.; OFFICER )<br>LOCKETT, Moore Police Dept.; )<br>K. ANDREWS, Moore Police Dept.; )<br>JOHN DOE, District 21 Drug Task Force; )<br>BRAD GAY, District 21 Drug Task Force; )<br>CHRIS MADDOCKS, District 21 Drug Task )<br>Force[1]; and RICK ABBOTT, District 21 )<br>Drug Task Force, )<br>)<br>Defendants. ) | Case No. CIV-11-1362-D |

## REPORT AND RECOMMENDATION

Plaintiff, John Curtis Davis, a state prisoner appearing *pro se* and *in forma pauperis*, has filed a civil rights Complaint pursuant to 42 U.S.C. § 1983. The matter has been referred for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and (C).

An initial review of the Complaint [Doc. #1] has been conducted pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915 (pertaining to *in forma pauperis* proceedings). It is

---

[1] Plaintiff also makes reference to this Defendant in the body of the Complaint as "Maddox." The Court refers to this Defendant as "Maddocks," consistent with the spelling set forth in the style of the Complaint.

recommended that the Complaint be dismissed *sua sponte* on grounds that Plaintiff has failed to state claims upon which § 1983 relief may be granted and seeks monetary relief against defendants immune from such relief. It is further recommended that this dismissal count as a "prior occasion" or strike pursuant to 28 U.S.C. § 1915(g).

## I.     Factual Background and Claims for Relief

Plaintiff is currently in the custody of the Oklahoma Department of Corrections and incarcerated at the Oklahoma City Community Correctional Center. Plaintiff was received there on May 14, 2010, following the revocation of suspended sentences in Case Nos. CF-2002-1174, CF-2002-1790 and CF-2002-2245, District Court of Oklahoma County, State of Oklahoma.[2]

The Oklahoma County revocation proceedings were instituted based on conduct occurring on December 16, 2009, in Cleveland County, Oklahoma. On that date, following a traffic stop, Plaintiff was arrested for three misdemeanor offenses: unlawfully carrying a weapon, driving under suspension, and reckless driving. The State initially filed these same criminal charges against Plaintiff on December 17, 2009, in Cleveland County District Court, Case No. CM-2009-3828. The State dismissed the charges without prejudice on May 18, 2010. *See* docket, Case No. CM-2009-3828, District Court of Cleveland County, State of

---

[2]For purposes of initial review of the Complaint, the Court takes judicial notice of the public records of the District Courts of Cleveland and Oklahoma Counties and the Oklahoma Court of Civil Appeals as to state court actions identified by Plaintiff in the Complaint. *See State Farm Mut. Auto. Ins. Co. v. Boellstorff*, 540 F.3d 1223, 1226 n. 7 (10th Cir. 2008) (recognizing courts may take judicial notice of documents from the public record). The public records referenced herein are available at: http://www.oscn.net.

Oklahoma. The State refiled the charges on June 28, 2010, in Case No. CM-2010-1665. *See* docket, Case No. CM-2010-1665, District Court of Cleveland County, State of Oklahoma. The State dismissed the charges on September 3, 2010. *See id*.

During the Oklahoma County revocation proceedings, Plaintiff entered a plea of guilty to the conduct underlying the Cleveland County misdemeanor charges of driving under suspension and reckless driving. In addition, the Oklahoma County District Court found Plaintiff guilty, for revocation purposes, of the conduct resulting in the Cleveland County misdemeanor charge of unlawfully carrying a weapon. *See* docket, Case No. CF-02-2245, District Court of Oklahoma County, State of Oklahoma, Order Revoking Suspended Sentence (April 19, 2010) and Plea of Not Guilty Summary of Facts (April 19, 2010). The Oklahoma County District Court revoked Plaintiff's suspended sentences on April 19, 2010. *See id*. The revocation was affirmed by the Oklahoma Court of Criminal Appeals on June 24, 2011. *See* Case No. RE-2010-432, Oklahoma Court of Criminal Appeals, Summary Opinion (June 24, 2011).

The Cleveland County misdemeanor charges also served as a basis for bringing a revocation proceeding against Plaintiff in Case No. CF-99-1628, District Court of Cleveland County, State of Oklahoma. The State filed its motion to revoke on January 11, 2010. However, the Cleveland County revocation proceeding was dismissed on February 4, 2010, upon the determination that Plaintiff had completed the term of his sentence in Case No. CF-99-1628. *See* docket, Case No. CF-99-1628, District Court of Cleveland County, State of Oklahoma, Minute Order (February 4, 2010).

Finally, as pertinent to the claims raised herein, a civil forfeiture proceeding has been initiated in Cleveland County District Court, Case No. CJ-2009-3002.  The proceeding concerns the sum of money confiscated by police during the arrest of Plaintiff on December 16, 2009.  The Cleveland County District Court docket shows that the matter remains pending at the time of the filing of this Report and Recommendation.  *See* docket, Case No. CJ-2009-3002, District Court of Cleveland County, State of Oklahoma.

Plaintiff brings 15 Counts arising out of the above events.  In Counts 1, 4 and 13, Plaintiff alleges Defendants' conduct constitutes malicious prosecution in violation of his federal constitutional rights.  In Counts 2, 5, 11 and 12, Plaintiff alleges claims of false arrest and false imprisonment.  Plaintiff alleges a violation of his Eighth Amendment rights based on the deliberate indifference of Defendants in Counts 3 and 15.  In Counts 6, 7 and 10, Plaintiff alleges Defendants have stolen property from him in violation of his federal constitutional rights.  In Counts 8 and 9, Plaintiff brings claims alleging he has been subjected to "profiling and abuse of authority."  And finally, in Count 14 Plaintiff brings a state law tort claim for intentional infliction of emotional distress.

Plaintiff names as Defendants in this action the State of Oklahoma, the Cleveland County District Court, the Cleveland County District Attorney's Office, Special Judge Adams of the Cleveland County District Court, Greg Mashburn, District Attorney of Cleveland County, David Batton, Assistant District Attorney of Cleveland County, John Doe, Assistant District Attorney of Cleveland County, Officers Lockett and Andrews of the Moore

Police Department, and Agents John Doe, Gay, Maddocks and Abbott, District 21 Drug Task Force.

As relief, Plaintiff seeks compensatory and punitive damages and the return of $2,175.00 confiscated from him during the traffic stop and arrest on December 16, 2009.

## II.     Grounds for *Sua Sponte* Dismissal

Pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), dismissal of a complaint filed *in forma pauperis* is proper for failure to state a claim upon which relief may be granted. *See Young v. Davis*, 554 F.3d 1254, 1256 (10th Cir. 2009). *See also* 28 U.S.C. § 1915A(b)(1). As with a motion to dismiss under Fed.R.Civ.P. 12(b)(6), the Court must accept Plaintiff's allegations as true and construe them, and any reasonable inferences to be drawn from them, in the light most favorable to Plaintiff. *See Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007).

Because Plaintiff is proceeding *pro se*, his complaint must be construed liberally. *See id.* at 1218. The Court "review[s] the complaint for plausibility; that is, to determine whether the complaint includes enough facts to state a claim to relief that is plausible on its face." *Young*, 554 F.3d at 1256 (quotations and citation omitted).

## III.    Analysis of Claims

### A.     Defendants Immune from Liability

#### 1.     Sovereign Immunity – the State of Oklahoma and Defendants Sued in their Official Capacities

To state a claim for relief under 42 U.S.C. § 1983, "a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show

that the alleged deprivation was committed by a *person* acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988) (emphasis added). States, state agencies, and state officials acting in their official capacities are not "persons" acting under color of state law; thus, Eleventh Amendment sovereign immunity bars claims against these defendants unless the state has waived that immunity. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 65–66 (1989). Oklahoma has not waived its sovereign immunity as to § 1983 claims. *Ramirez v. Okla. Dep't of Mental Health*, 41 F.3d 584, 588–89 (10th Cir.1994), *abrogated on other grds. by Ellis v. University of Kan. Med. Ctr.*, 163 F.3d 1186 (10th Cir.1998). Therefore, the State of Oklahoma should be dismissed from this action. In addition, all claims brought against the Defendants in their official capacities should be dismissed.

### 2.  **Judicial Immunity – Defendant Special Judge Adams**

Plaintiff names as a Defendant Judge Adams, Special Judge of the District Court of Cleveland County, State of Oklahoma. Plaintiff alleges Judge Adams presided over the Cleveland County revocation proceeding. Construing Plaintiff's allegations as true, he complains solely of conduct by Judge Adams that is clearly judicial in nature. Judge Adams, therefore, is entitled to absolute judicial immunity. *See Andrews v. Heaton*, 483 F.3d 1070, 1076 (10th Cir. 2007) (dismissing claims against judicial defendants on grounds of absolute judicial immunity where alleged unconstitutional conduct related only to court proceedings

where judges were clearly performing judicial acts) (*citing Hunt v. Bennett*, 17 F.3d 1263, 1266 (10th Cir. 1994)).[3]

### 3. Prosecutorial Immunity – Defendants Mashburn, Batton and Doe

Plaintiff has also brought suit against Greg Mashburn, District Attorney, and David Batton and John Doe, Assistant District Attorneys for Cleveland County, State of Oklahoma. Plaintiff's claims against these Defendants also relate to the Cleveland County revocation proceeding. According to Plaintiff, these Defendants wrongfully instituted the revocation proceeding as contrary to Oklahoma state law, *citing Harris v. State*, 772 P.2d 1329 (Okla. Crim. App. 1989). The state court docket shows the Cleveland County revocation proceeding against Plaintiff was dismissed.

"Prosecutors are entitled to absolute immunity for their decisions to prosecute, their investigatory or evidence-gathering actions, their evaluation of evidence, their determination of whether probable cause exists, and their determination of what information to show the court." *Nielander v. Board of County Com'rs.*, 582 F.3d 1155, 1164 (10th Cir. 2009) (*citing Imbler v. Pachtman*, 424 U.S. 409, 425-28 (1976). Such decisions include "whether and when to prosecute[ ] [and] whether to dismiss " a case. *Imbler*, 424 U.S. at 431 n. 33. The test is a functional one which focuses on activities "intimately associated with the judicial

---

[3]Plaintiff further alleges Judge Adams told Plaintiff to "just sue him" in response to Plaintiff requesting money damages arising out of the arrest on December 16, 2009. Plaintiff alleges he made this request informally and verbally to Judge Adam's secretary. He does not allege he had any action pending to recover the alleged damages. Even if these allegations are true, they fail to identify any unconstitutional conduct by Defendant Adams.

phase of the criminal process. . . ." *Id*. at 430. The focus, therefore, is "not on the harm that the conduct may have caused or the question whether it was lawful." *Buckley v. Fitzsimmons*, 509 U.S. 259, 271 (1993). As long as prosecutors are functioning as an advocate of the state at the time of their actions, they are entitled to absolute immunity from suit. *Id*., 509 U.S. at 273–74.

Plaintiff does not allege any facts showing these Defendants engaged in conduct other than that intimately associated with judicial process of the Cleveland County revocation proceeding brought against him. Accordingly, Defendants Mashburn, Batton and Doe are entitled to absolute prosecutorial immunity and Plaintiff's claims against them should be dismissed.

### B.     Failure to State § 1983 Claims for Relief Against Remaining Defendants

#### 1.     Cleveland County District Court and District Attorney's Office

Any claims Plaintiff brings against the Cleveland County District Court and the Cleveland County District Attorney's Office should be dismissed because these entities are not suable entities for purposes of § 1983. Governmental sub-units of departments, such as a correctional facility, a sheriff's office, or a county agency are not separate suable entities and are not proper defendants in a § 1983 action. *See, e.g., Hinton v. Dennis*, 362 Fed. Appx. 904, 907 (10th Cir. Jan. 25, 2010) (unpublished op.) (county criminal justice center is not a suable entity under § 1983); *Martin v. Box*, 2009 WL 1605657 at *5 (W.D. Okla. June 5, 2009) (unpublished op.) (Oklahoma County District Attorney's Office is not a separate, suable legal entity and does not qualify as a "person" subject to liability under § 1983); *see*

*also Coopersmith v. Supreme Court, State of Colo.*, 465 F.2d 993, 994 (10th Cir.1972) (state district courts are not "persons" for purposes of a § 1983 claim): *Harris v. Champion*, 51 F.3d 901, 906 (10th Cir. 1995) ("this and other circuit courts have held that a state court is not a 'person' under § 1983").

Therefore, Plaintiff's claims against the Cleveland County District Court and the Cleveland County District Attorney's Office should be dismissed for failure to state a claim upon which § 1983 relief may be granted.

### 2. Claims Against Law Enforcement Officers – Defendants Lockett, Andrews, Doe, Gay, Maddocks and Abbott

Plaintiff's remaining claims are brought against Defendants Lockett, Andrews, Doe, Gay, Maddocks and Abbott ("Law Enforcement Defendants"). Plaintiff alleges causes of action for violations of his Fourth Amendment rights premised on false arrest and malicious prosecution, violations of his Eighth Amendment rights based on Defendants' alleged deliberate indifference, and violations of his Fourteenth Amendment rights based on profiling and the wrongful taking of his property.

#### a. False Arrest and Malicious Prosecution

Plaintiff brings claims of false arrest and malicious prosecution against the Law Enforcement Defendants. To bring a claim of false arrest, Plaintiff must allege facts demonstrating the wrongful institution of legal process against him. Conversely, to bring a claim of malicious prosecution, Plaintiff must allege facts demonstrating unlawful detention after the institution of legal process. *See Wilkins v. DeReyes*, 528 F.3d 790, 797-799 (10th

Cir. 2008) (discussing the "legally distinct" claims of false arrest and malicious prosecution). Plaintiff premises his false arrest and malicious prosecution claims on the institution of the Cleveland County revocation proceeding. *See* Complaint at 5, Counts 1 and 2.

Plaintiff alleges he was arrested at the Cleveland County Courthouse for violation of the terms of his probation in Case No. CF-99-1628 while attending the hearing on the misdemeanor charges in Cleveland County Case No. CM-2009-3828. He claims the arrest was without probable cause. Plaintiff identifies Defendants Maddox, Gay and Abbott as the arresting officers. Plaintiff alleges he told the officers "he was not on probation" but they arrested him nonetheless. *See* Complaint at 3 "Incident Two."

One day prior to his arrest, on January 11, 2010, the State initiated the Cleveland County revocation proceeding based on the misdemeanor charges brought in Cleveland County Case No. CM-2009-3828. *See* docket, Case No. CF-99-1628, District Court of Cleveland County, State of Oklahoma, Motion to Revoke Suspended Sentence (January 11, 2010). The State alleged the misdemeanor charges constituted a violation of the terms and conditions of his probation. On that same day, the district judge presiding over the Cleveland County revocation proceeding issued a warrant for Plaintiff's arrest. *See id*. Order for Revocation Hearing and for Warrant of Arrest (January 11, 2010).

To recover damages under § 1983 for wrongful arrest, a plaintiff must show he was arrested without probable cause. *Cottrell v. Kaysville City*, 994 F.2d 730, 733 (10th Cir.1993). "Probable cause exists if facts and circumstances within the arresting officer's knowledge and of which he or she has reasonably trustworthy information are sufficient to lead a prudent

10

person to believe that the arrestee has committed or is committing an offense." *Johnson v. Lindon City Corp.*, 405 F.3d 1065, 1068 (10th Cir. 2005) (quotation omitted). In evaluating probable cause, this court applies an objective standard based on the facts available to the arresting officer at the time the arrest occurred. *Id.*

Plaintiff's allegations fail to demonstrate a plausible claim for § 1983 relief based on false arrest. Personal participation is an essential element of a § 1983 claim. *See Henry v. Storey*, 658 F.3d 1235, 1241 (10th Cir. 2011). The Cleveland County revocation proceeding was instituted by the district attorney and the state district judge issued the arrest warrant. The officers identified by Plaintiff – Maddocks, Gay and Abbott – executed the arrest warrant but played no role in the determination of probable cause. And, Plaintiff fails to allege facts demonstrating the remaining Law Enforcement Defendants – Lockett, Andrews and John Doe -- had any involvement whatsoever, even in the arrest. Plaintiff has failed to state a plausible claim for § 1983 relief based on false arrest against the Law Enforcement Defendants.

Plaintiff's malicious prosecution claim against the Law Enforcement Defendants also fails to state a plausible claim for § 1983 relief. Generally, a police officer cannot be sued for malicious prosecution under § 1983 because the "chain of causation is broken" between the arrest and the actual prosecution. *Taylor v. Meacham*, 82 F.3d 1556, 1564 (10th Cir.

1996) (*quoting and citing Reed v. City of Chicago*, 77 F.3d 1049, 1054 (7th Cir.1996)).[4] However, officers may be held liable if they conceal and misrepresent material facts to the district attorney. *See Pierce v. Gilchrist*, 359 F.3d 1279, 1292 (10th Cir. 2004); *Taylor*, 82 F.3d at 1563–64 (*citing Reed*, 77 F.3d at 1054).

Plaintiff's allegations demonstrate only that Plaintiff was arrested by Defendant Maddocks pursuant to the District Attorney's institution of the Cleveland County revocation proceeding. Plaintiff's Complaint is wholly void of allegations that any Law Enforcement Defendant misrepresented material facts to the district attorney.[5] Plaintiff has failed to state a plausible claim for § 1983 relief premised on false arrest or malicious prosecution.[6] Accordingly, Plaintiff's claims against the Law Enforcement Defendants should be dismissed.

---

[4]A malicious prosecution claim requires proof of the following elements: "(1) the defendant caused the plaintiff's continued confinement or prosecution; (2) the original action terminated in favor of the plaintiff; (3) no probable cause supported the original arrest, continued confinement, or prosecution; (4) the defendant acted with malice; and (5) the plaintiff sustained damages." *See Wilkins*, 528 F.3d at 799 (citations omitted).

[5]The revocation proceedings were later dismissed on factual and legal grounds unrelated to the misdemeanor charges. The State dismissed the revocation proceedings upon discovering that, with application of jail credits, Plaintiff had discharged the sentence originally received in Case No. CF-99-1628. *See* docket, Case No. CF-99-1628, District Court of Cleveland County, State of Oklahoma, Order (February 4, 2010).

[6]Plaintiff has not alleged facts challenging the finding of probable cause to support his arrest on the Cleveland County misdemeanor charges or otherwise demonstrating the arrest was constitutionally infirm. In fact, in the revocation proceedings in Oklahoma County Case No. CF-2002-2245, Plaintiff entered a guilty plea to the conduct underlying the misdemeanor charges of driving with a suspended license and reckless driving and the Court found him guilty of the conduct underlying the misdemeanor charge of unlawfully carrying a weapon. *See* docket, Case No. CF-2002-2245, Order Revoking Suspended Sentence (April 19, 2010) and Plea of Not Guilty Summary of Facts (April 19, 2010).

Plaintiff brings a separate malicious prosecution claim against Defendant Maddox. *See* Complaint at 6, Count 13. *see also id.* at 5 "Incident Five." He claims Defendant Maddocks perjured himself during the Oklahoma County revocation proceedings. *See id.* Plaintiff claims the revocation was based on misdemeanor charges that have now all been dismissed. *See id.*

Plaintiff's allegations against Defendant Maddocks are wholly conclusory. He does not identify the nature of the perjured testimony or otherwise provide any specific allegations about the testimony. Thus, he has failed to state a plausible claim for § 1983 relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

Moreover, as discussed supra, note 7, in the Oklahoma County revocation proceedings, Plaintiff entered a guilty plea to the conduct underlying the Cleveland County misdemeanor charges of driving with a suspended license and reckless driving and the court found him guilty of the conduct underlying the misdemeanor charge of unlawfully carrying a weapon. Thus, the fact the misdemeanor charges themselves were subsequently dismissed does not support his malicious prosecution claim.[7]

---

[7]Under Oklahoma law, when the charge used to revoke a suspended sentence is dismissed, the revocation is nonetheless valid where it "was based on competent evidence presented to the trial court and the evidence presented met the required quantum of proof 'by a preponderance of the evidence.'" *Moore v. State*, 644 P.2d 1079, 1080 (Okla. Crim. App. 1982) (*quoting Phipps v. State*, 529 P.2d 998, 1001 (Okla. Crim. App. 1974)).

For these reasons, it is recommended that Plaintiff's claims for false arrest and malicious prosecution against the Law Enforcement Defendants be dismissed for failure to state a claim upon which § 1983 relief may be granted.

### b. Eighth Amendment Deliberate Indifference Claims

Plaintiff alleges a violation of his Eighth Amendment rights by making reference to Defendants' "deliberate indifference" and his "[c]onstitutionally protected right to be free from Deliberate Indifference." *See* Complaint at 5, Count 3. He also references his "[c]onstitutionally protected right to be free from Cruel and Unusual Punishment." *See id.* at 6, Count 15. Plaintiff's allegations are wholly conclusory and should be dismissed. Moreover, Plaintiff does not allege facts challenging the conditions of his confinement. Instead, the allegations of the Complaint are based solely on conduct outside prison. As such, the Eighth Amendment is not implicated. *See Bell v. Wolfish*, 441 U.S. 520, 537 n. 16 (1979) (the Eighth Amendment applies only to convicted prisoners); *see also Shouse v. Price*, 294 Fed. Appx. 426, 427 (10th Cir. Sept. 30, 2008) (unpublished op.) (affirming dismissal of claim premised on Eighth Amendment and arising out of plaintiff's arrest because plaintiff was not convicted or incarcerated at time of arrest and therefore Eighth Amendment was inapplicable).[8]

---

[8]Although pretrial detainees are entitled to similar protections under the Due Process Clause, *see Bell*, 441 U.S. at 535-536, Plaintiff does not allege that a violation of his rights occurred while subject to pretrial detention.

### c.     Equal Protection Claims Premised on Profiling

Liberally construing the Complaint, Plaintiff also alleges his equal protection rights have been violated due to "profiling." *See Marshall v. Columbia Lea Regional Hosp.*, 345 F.3d 1157, 1166 (10th Cir. 2003) ( "[C]laims asserting selective enforcement of a law on the basis of race are properly brought under the Equal Protection Clause . . . ."). A plaintiff asserting a claim of racial profiling must show "that the defendant's actions had a discriminatory effect and were motivated by a discriminatory purpose." *Id*. at 1167, 1168.

In the Complaint, Plaintiff does not provide any allegations that would support the elements of racial profiling or discrimination. Plaintiff does not allege the Law Enforcement Defendants engaged in profiling based on his race or any suspect class. Instead, he claims he was the subject of profiling as a "drug dealer." *See* Complaint at 5-6, Counts 8, 11 and 12. Plaintiff's allegations fail to state a plausible claim for § 1983 relief.

### d.     Wrongful Taking of Property

Plaintiff's final claim against the Law Enforcement Defendants is that they conspired to and wrongfully took from him the sum of $2,175.00 which he alleges he had on his person at the time of his arrest in Cleveland County on December 16, 2009. As referenced above, a civil action regarding forfeiture of funds seized on Plaintiff's person at the time of the arrest is currently pending in Case No. CJ-2009-3002, District Court of Cleveland County, State of Oklahoma.

Plaintiff's claim involves interference in his ongoing state court proceedings and, therefore, dismissal is warranted on grounds of *Younger* abstention. The doctrine of *Younger*

abstention provides that absent extraordinary circumstances a federal court is prohibited from interfering with ongoing state proceedings. *Younger v. Harris*, 401 U.S. 37, 45 (1971).[9] A narrow exception exists if the plaintiff demonstrates irreparable injury and bad faith, harassment or other extraordinary circumstances warranting equitable relief. *See id.* at 53-54.

No extraordinary circumstances exist to warrant an exception to the general rule that federal courts should not interfere in ongoing state court proceedings. Plaintiff has an open avenue for review of his constitutional claims in the state proceedings. *Compare Mackey v. Property Clerk of New York City Police Dept.*, 26 F. Supp.2d 585, 592 (S.D. N.Y. 1998) (dismissal of § 1983 claim challenging seizure of funds by police proper on grounds of *Younger* abstention where civil forfeiture proceedings remained pending in state court). Accordingly, Plaintiff's claims against the Law Enforcement Defendants related to the alleged wrongful taking of his money should be dismissed on grounds of *Younger* abstention.

### C. State Law Claims

Plaintiff also appears to allege claims for relief premised on theories of state tort laws for intentional infliction of emotional distress. *See* Complaint at 6, Count 14. Pursuant to

---

[9]Although *Younger* originally applied in cases of pending state criminal prosecutions, it later was extended to certain pending civil proceedings "if the State's interests in the proceeding are so important that exercise of the federal judicial power would disregard the comity between the States and the National Government." *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 10-11 (1987). *See also D.L. v. Unified School Dist. No. 497*, 392 F.3d 1223, 1228 (10th Cir. 2004) ("[T]he *Younger* doctrine can apply to a state-court *civil* proceeding[.]") (citations omitted, emphasis in original).

28 U.S.C. § 1367(c)(3), the Court has discretion to decline to exercise supplemental jurisdiction over a state law claim if the Court has "dismissed all claims over which it has original jurisdiction." *See also Smith v. City of Enid ex rel. Enid City Com'n*, 149 F.3d 1151, 1156 (10th Cir. 1998) ("When all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims."). As set forth above, it is recommended that Plaintiff's § 1983 claims be dismissed. Therefore, if the Court adopts the recommendation to dismiss all of Plaintiff's federal claims, it is recommended that Plaintiff's state law claims be dismissed without prejudice.

## RECOMMENDATION

In view of the foregoing, it is recommended that Plaintiff's claims be dismissed pursuant to 28 U.S.C. §§ 1915 and 1915A on grounds the Complaint fails to state claims upon which § 1983 relief may be granted and seeks monetary relief against defendants immune from such relief. It is further recommended that this Court exercise its discretion under 28 U.S.C. § 1367(c)(3) and dismiss without prejudice any remaining claims that are based on state law.

The dismissal should be counted as a "strike" pursuant to 28 U.S.C. § 1915(g) "from the date when [Plaintiff's] time to file a direct appeal expire[s]" or, if he files a timely direct appeal, "from the date of the Supreme Court's denial or dismissal of a petition for writ of certiorari, if [Plaintiff] files one, or from the date when the time to file a petition for writ of

certiorari expire[s], if he d[oes] not." *See Hafed v. Federal Bureau of Prisons*, 635 F.3d 1172, 1176 (10th Cir. 2011).

Plaintiff is advised of his right to file specific written objections to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objections must be filed with the Clerk of the District Court by     May 1st, 2012. *See* Local Civil Rule 72.1. Failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not addressed herein is denied.

ENTERED this   11th   day of April, 2012.

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE